## R. J. DANIELS, ET AL., *v.* G. B. DOCKERY.

**Sheriff May Maintain Trover for Conversion of Personal Property.**
A sheriff who levies an execution upon personal property may maintain trover for its conversion.

### APPEAL FROM OHIO CIRCUIT COURT.

April 6, 1876.

OPINION BY JUDGE COFER:

A sheriff who levies an execution upon personal property may maintain trover for its conversion while in his possession, or in the possession of his bailee. *Williams, et al., v. Herndon,* 12 B. Mon. 484. In this respect the rights of the sheriff are at least equal to the rights of any other bailee; and as an ordinary bailee may maintain trover in his own name and recover the value of the property converted, a sheriff may do so.

It is not in terms alleged that the execution was in force when the levy was made, but it is alleged that it was levied, and the date of the execution is given and copies of the execution and levies are filed and made part of the petition, from which it appears that the levy was made on the same day on which the execution issued.

It is not distinctly alleged that the logs levied on were the property of Romans, but it is alleged that they were levied on as his property. And besides this, the defendants denied that the logs were the property of Romans and thereby cured any defect that may have existed in the petition on this point. And although the petition may not have been sufficient on demurrer, we think that it is so after verdict.

The logs were cut and delivered in the creek by Romans, and were prima facie his property; and it devolved on the appellants to show that they belonged to Daniels; whether the evidence was sufficient

for that purpose was a question for the jury, and we cannot say that their finding was palpable against the evidence.

The appellee was, as already decided, entitled to maintain the action, and it follows that he had the same right of recovery which he would have had if he had been the absolute owner of the logs; and consequently he had a right to recover damages for the unlawful conversion as well as for the value of the property converted.

Judgment *affirmed.*

*McHenry & Hill, B. L. D. Guffy, A. Duvall, for appellants.*
*Thomas G. & William Ward, for appellee.*